UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 00-0101T |
| | ) | |
| DWAIN BROWN | ) | |

---

MEMORANDUM IN SUPPORT OF STIPULATION AND MOTION FOR MODIFICATION OF SENTENCE

Now comes Dwain Brown, the Defendant in the above captioned matter, with this supporting memorandum further requesting a reduction of his sentence pursuant to the amended sentencing guideline, U.S,S.G § 2D1.1, and in accordance with 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (2008).

I. Authority

Effective March 3, 2008, the United States Sentencing Commission made Amendment 706 to the guidelines retroactive and applicable to individual's sentenced prior to November 1, 2007; the enactment date. The amendment lowered the advisory guidelines for crack cocaine offenses by 2 offense levels. Eligibility for a reduction is governed by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Although eligibility is categorical, the sentencing court retains the authority to decide whether or not to grant a reduction.

The initial step requires the court to calculate and acknowledge the new advisory guideline range. U.S.S.G. § 1B1.10(b)(1). This calculation represents the range which would have applied had the amendment been in operation at the time of the original sentencing. Id. After applying the new range to the defendant, the court then determines if a reduction is warranted and to what extent.

The court has wide discretion when deciding the issue of a reduction. The court must consider all of the sentencing factors under 18 U.S.C. § 3553(a), just as it would in an original sentencing. U.S.S.G. § 1B1.10, app. n. 1(B)(i). The court must also consider two other categories of information:

1. Whether a reduction poses a danger to the community (U.S.S.G. § 1B1.10, app. n. 1(B)(ii), and

2. The individual's post-sentencing conduct (U.S.S.G. § 1B1.10, app. n. 1(B)(iii).

The court uses all of this information to determine if a reduction is warranted and to what extent.

II. Individual Considerations

A. Recalculated Guideline Range

On October 23, 2000, Mr. Brown pled guilty to the five counts in his information all related to trafficking cocaine base. The Court found Mr. Brown responsible for 30.39 grams of crack cocaine, and also imposed a 4 level enhancement for his leadership role in trafficking. Mr. Brown waived his right to a grand jury indictment, pleading early on in the prosecution, and received a 3 level reduction for accepting responsibility. The resulting offense level was 29 and his criminal history category was III. The guideline range was 108 to 135 months of incarceration. The amendment, applied retroactively here, lowers the offense level 2 points and results in an advisory range of 87 to 108 months in prison. Ltr. from Probation (February 8, 2008).

B. Sentencing

At Mr. Brown's original sentencing the Court imposed a sentence in the middle of the then mandatory guideline range; 121 months. The Court imposed this sentence remarking that the case presented several mitigating and aggravating factors; none of which supported an upward or downward departure. The Court believed that the government estimated Mr. Brown's drug weight responsibility on the low side, and also indicated that the 4 level leadership enhancement might also be generous. The Court thought both of those reasons favored a high end sentence. The Court also recognized Mr. Brown's prompt acceptance of his responsibility through his waiver and plea agreement, which could favor a lower sentence. The Court also noted Mr. Brown's loss of his 10 year old son who was killed in a fire shortly after his arrest. On the whole, the Court felt these facts supported a mid range sentence.

C. Post-Sentencing Conduct

Mr. Brown has now been in custody since June, 2000. He has served in several BOP facilities in an exemplary fashion. He has taken courses, worked, and tried to address his substance

abuse issues. His conduct supports the granting of this motion.

He first served for approximately 1 year at the low security facility in FCC Allenwood, PA. He became acclimated to life in the BOP and was shortly moved to the camp at FCI Schuylkill, PA. At Schuylkill he received a certification in HVAC maintenance and installation as well as starting as an electrician apprentice. He took classes in realty and personal finance management, and also completed the BOP 40 hour drug treatment program. Also at Schuylkill he took a job outside of the prison working with the HVAC maintenance division at the near-by VA hospital.

Mr. Brown moved south to serve in the camps at FCI Estill, SC, FPC Pensacola, FL, and now at FCI Edgefield, SC. The BOP moved him to be closer to his relocated family, and then moved him around to place him ultimately in the intensive drug treatment program (RDAP). He continued working with HVAC at each of these facilities and is now taking courses in pest control sponsored by Purdue University.

Mr. Brown has remained positive and worked very diligently while in custody. He has developed good skills which make him marketable in the work force upon his release. His post-sentencing conduct supports this reduction request.

III. Conclusion

The Court should grant the reduction recommended in the stipulation. The recommended reduction will amount to 12 months. The factors relied on by the Court for the original sentence did not warrant any upward departure. Likewise, those factors cannot now support the original sentence because 121 months now represents a sentence well above the guidelines, either as a variance or a departure. Further, Mr. Brown has made excellent rehabilitative progress while incarcerated. His success cannot be ignored and very well supports the reduction. Lastly, there is no information that supports the idea that Mr. Brown presents any special danger to the community in relation to this reduction. He has rehabilitated himself and the government agrees he is deserving of the reduction. We ask that the Court reduce Mr. Brown's sentence to 97 months in custody which effectively translates to the time he has already served.

Respectfully submitted
Dwain Brown
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this notice was delivered by electronic notification to Gerard Sullivan, Assistant United States Attorney, and Kristin Mattias, United States Probation Officer, on March 14, 2008.

/s/ Kevin J. Fitzgerald